UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION --- LONDON

| | |
|---|---|
| HERMAN McKNIGHT, | CIVIL ACTION NO. 6:15-82-KKC |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| CLASSIC AUTO BODY RESTORATION & RODS, INC., | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion for summary judgment (DE 38) filed by the defendant Classic Auto Body Restoration & Rods, Inc.

The root of this dispute is a verbal contract to restore a 1969 Firebird. The parties disagree about what the terms of the agreement were. Plaintiff Herman McKnight alleges that, in 2013, he met with Ron Poteat, owner of defendant Classic Auto Body Restoration & Rods, Inc. (DE 38-6, Poteat Dep. at 8) and that Poteat told him he could restore McKnight's Firebird for around $50,000. In 2013 and 2014, McKnight made payments to Classic Auto Body totaling $85,000, which he argues should at least be sufficient. Nevertheless, he alleges that Classic Auto Body will not return the car to him.

Classic Auto Body, on the other hand, asserts that McKnight actually still owes it $32,281.48 for work it has performed on the car. It asserts a counterclaim for breach of contract for that amount. In addition, pursuant to KRS § 376.270, it asserts it has a lien on the Firebird and is permitted to keep the car in its possession until McKnight pays the balance owed.

With its motion for summary judgment, Classic Auto Body does not ask for a finding

that McKnight has failed to prove his breach of contract claim. Nor does Classic Auto Body move for summary judgment on its counterclaim. Instead, its motion focuses on the damages McKnight seeks and it asks the Court to rule that McKnight is not entitled to those damages.

McKnight has proposed various remedies. He states in his response that he seeks the return of the car and the $85,000 he has paid Classic Auto Body (DE 39, Response at 1) but concedes that Classic Auto Body may have a claim for the "value of the work and parts it has supplied." (DE 39, Response at 2.)

In answers to interrogatories, however, McKnight stated that he should get the $85,000 back *or* "get the car and refunded the amount I overpaid under the terms of the agreement," *or* "get the value of the car as it was supposed to be when it was completed," which McKnight states he "believe[s] to be over $150,000." (DE 38-3, Interrogatores, No. 13.)

In his deposition, when asked what remedy he was seeking, McKnight testified that he was "looking to get my car back and cover my additional costs." (DE 38-5, McKnight Dep. at 112-13.) When asked what his additional costs would be, McKnight stated his attorney's fees. (DE 38-5, McKnight Dep. at 113.)

In his deposition, McKnight also indicated, however, that he is seeking $90,000. He testified that this amount is the difference between what Poteat told him the value of the car would be after restoration – $140,000 – and what McKnight says was the agreed-upon restoration price of $50,000. (DE 38-5, McKnight Dep. at 114-15.) McKnight proposed largely the same remedy in his initial disclosures. (DE 38-2, Disclosures.)

Within his response brief, however, McKnight proposes yet another remedy, which is the appropriate remedy for this case. "The measure of damages for breach of contract is 'that sum which will put the injured party into the same position he would have been in

2

had the contract been performed.'" *Hogan v. Long*, 922 S.W.2d 368, 371 (Ky. 1995) (quoting *Perkins Motors, Inc. v. Autotruck Federal Credit Union*, 607 S.W.2d 429, 430 (Ky. App. 1980)). And, as McKnight points out in his response brief, "the remedy for breach of a duty to repair is limited to the cost of repair." *Miller v. Cundiff*, 245 S.W.3d 786, 789 (Ky. Ct. App. 2007). Similarly, "[t]here is no question that in this state the real measure of damages for defective performance of a construction contract is the cost of remedying the defect, so long as it is reasonable." *State Prop. & Buildings Comm'n of Dep't of Fin. v. H. W. Miller Const. Co.*, 385 S.W.2d 211, 214 (Ky. 1964).

In his response brief, McKnight points out that Poteat testified that the amount required to restore the car would be $18,000 to $20,000. Assuming that McKnight is able to prove his claim that Classic Auto Body breached the agreement by failing to restore the Firebird, the cost to finish the restoration is the proper remedy.

It is true, as Classic Auto Body argues, the cost of repair is deemed to be a "reasonable" award only if that cost is less than the difference between the market value of the repaired object and the market value of the object in its current state. *Gray v. Mattingly*, 399 S.W.2d 301, 302 (Ky.1966) (quoting *State Prop. & Bldg. Comm'n v*, 385 S.W.2d at 214.) Classic Auto Body argues that this requires McKnight to produce evidence of the market value of the restored Firebird. Without that evidence, Classic Auto Body argues, McKnight cannot prove that the cost of repair is reasonable.

In *State Prop. & Bldg. Comm'n*, the Kentucky Supreme Court rejected this argument, stating, "[i]n the absence of evidence to the contrary it would ordinarily be presumed (and our decisions have tacitly recognized this) that as between a willing seller and a willing buyer of a new building known to be in need of certain repair work the anticipated cost of the remedial work would reduce the price by an equivalent amount."

3

*State Prop. & Buildings Comm'n,* 385 S.W.2d at 214. Thus, "when the owner has proved what it reasonably cost him to make the building conform to the contract it should not be necessary for him to go into the question of market value unless that question is raised by the defense." *Id*. Citing *State Prop. & Buildings Comm'n,* the Kentucky Supreme Court recently reaffirmed this principle in *Ellison v. R & B Contracting, Inc.*, 32 S.W.3d 66 (Ky. 2000), stating that, where the plaintiffs produced evidence showing the cost to return their property to its original state, that evidence "created a reasonable inference as to the diminution in fair market value of the subject property." *Id*. at 75.

McKnight has produced sufficient evidence in the form of Poteat's testimony that it would cost $18,000 to $20,000 to complete the restoration of the Firebird. (DE 38-6, Poteat Dep. at 27.) Classic Auto Body has not pointed to any evidence that this amount is more than the increase in the fair market value of the car after restoration. Accordingly, the cost of the completed restoration is presumed to be reasonable.

As to any request by McKnight for the $85,000 back and the return of the car, McKnight seems to be seeking a rescission of the contract. Such a remedy "will not be allowed even for a substantial breach unless the former status of the parties can be restored." *C.C. Leonard Lumber Co. v. Reed*, 236 S.W.2d 961, 962 (Ky. 1951) (citing *Beattie v. Friddle*, 17 S.W.2d 246 (Ky. 1929) (stating rescission of contract even for substantial breach is not permitted where "the position of the parties has been changed so that former status may not be restored").

"An absolute and literal restoration of the parties to their former condition is not required; it is sufficient if such restoration be made as is reasonably possible and such as the merits of the case demand." *Black Motor Co. v. Green*, 79 S.W.2d 409, 411 (Ky. 1934) (quotations and citation omitted). The plaintiff "has the burden of proving that the status

4

quo may be restored and that he or she has restored, or offered to restore, the other party to the status quo ante." 17B CJS Contracts § 488. "Rescission is generally not available where the parties' condition as it existed prior to bargaining cannot be restored." *Id*. Nevertheless, "in equity a contract may be rescinded although the parties cannot be placed in status quo, where the equities between the parties can be balanced." *Id*.

In this action, the parties cannot be restored to their status before the contract was performed. Classic Auto Body has expended labor and expenses in restoring the car. If the Court were to order that the contract be rescinded and McKnight be refunded the $85,000 and the car, McKnight would receive at no charge the labor and parts Classic Auto Body put into the restoration. McKnight offers an equitable solution that he argues would still permit rescission. He argues that the Court could order him to pay Classic Auto Body the "value of the work and parts [Classic Auto Body] has supplied." Thus, McKnight would get the car and the $85,000 back but would have to pay Classic Auto Body some amount to compensate it for labor and parts.

The problem with this proposal is that McKnight points to no evidence of the value of Classic Auto Body's labor and parts. The only evidence in the record of that value is Classic Auto Body's requests for payments. Accordingly, if the Court were to order this equitable remedy, it would have to order that McKnight pay Classic Auto Body the $32,281.48 that Classic Auto Body asserts it is owed for its labor and parts. In addition, Classic Auto Body would keep the $85,000 as compensation for its labor and parts. This is precisely the solution that Classic Auto Body seeks.

As to McKnight's request for attorney fees, "attorney's fees are not allowable as costs in absence of statute or contract expressly providing therefor." *Batson v. Clark*, 980 S.W.2d 566, 577 (Ky. 1998). As McKnight points out, despite this rule, "an award of counsel fees is

5

within the discretion of the court depending on the circumstances of each particular case." *Id.* (citation omitted). McKnight points to no evidence in this breach-of-contract case that would warrant the award of attorney's fees.

The same is true as to McKnight's request for prejudgment interest. "The longstanding rule in [Kentucky] is that prejudgment interest is awarded as a matter of right on a liquidated demand, and is a matter within the discretion of the trial court or jury on unliquidated demands." *3D Enter. Contracting Corp. v. Louisville and Jefferson Cty. Metro. Sewer Dist.*, 174 S.W.3d 440, 450 (Ky.2005) (citing *Nucor Corp. v. General Electric Co.*, 812 S.W.2d 136, 141 (Ky.1991)). Liquidated claims are "of such a nature that the amount is capable of ascertainment by mere computation, can be established with reasonable certainty, can be ascertained in accordance with fixed rules of evidence and known standards or value, or can be determined by reference to well-established market values." *Id.* (citing 22 Am.Jur.2d DAMAGES § 469 (2004)).

In determining if a claim is liquidated or unliquidated, the Court must look at the nature of the underlying claim, not the final award. *Id.* McKnight's claim is not a liquidated one. Moreover, McKnight points to no evidence in this case that would warrant the award of prejudgment interest. Accordingly, the request for prejudgment interest will be denied.

The Court has not been asked by either party to find that there has been a breach of the agreement. Accordingly, with this opinion, the Court does not address the merits of either McKnight's claim or Classic Auto Body's counterclaim. Instead, the Court addresses only the appropriate damages for McKnight *if* he should prove his claim that Classic Auto Body breached the agreement between the parties by failing to restore the Firebird.

For all these reasons, the Court hereby ORDERS as follows:

1) The proper remedy for any breach by Classic Auto Body Restoration & Rods, Inc. of

its agreement to restore the Firebird is the return of the Firebird to McKnight and the award of the cost of completing the restoration;

2) Defendant Classic Auto Body Restoration & Rods, Inc.'s motion for summary judgment (DE 38) is DENIED in part and GRANTED in part as follows:

a) the motion is DENIED to the extent that Classic Auto Body asks the Court to dismiss McKnight's claim for the return of the Firebird and the cost of completing the restoration;

b) the motion is GRANTED to the extent that Classic Auto Body asks the Court to dismiss McKnight's claim for the following damages:

   1) rescission of the contract;

   2) attorney's fees;

   3) prejudgment interest; and

   4) any other damages other than the return of the Firebird and the cost of completing the restoration; and

c) McKnight's claim for the damages in paragraph 2(b) above are DISMISSED.

Dated September 14, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY