UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION --- LONDON

| | |
|---|---|
| HERMAN McKNIGHT, | CIVIL ACTION NO. 6:15-82-KKC |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| CLASSIC AUTO BODY RESTORATION & RODS, INC., | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion in limine filed by defendant Classic Auto Body Restoration & Rods, Inc. (DE 48).

The root of this dispute is a verbal contract to restore a 1969 Pontiac Firebird. The parties disagree about what the terms of the agreement were. Plaintiff Herman McKnight alleges that, in 2013, he met with Ron Poteat, owner of defendant Classic Auto Body Restoration & Rods, Inc. (DE 38-6, Poteat Dep. at 8) and that Poteat told him he could restore McKnight's Firebird for around $50,000. He asserts that the parties agreed on that price. (DE 53, Pretrial Mem. at 1.) In 2013 and 2014, McKnight made payments to Classic Auto Body totaling $85,000, which he argues should at least be sufficient. Nevertheless, he alleges that Classic Auto Body will not return the car to him. The Court assumes that McKnight asserts that Classic Auto Body breached the contract between the parties by failing to return the car to him in restored condition after payments totaling $85,000.

Classic Auto Body, on the other hand, asserts that the parties agreed that McKnight would pay it $65 per hour and the retail value of any replacement parts until the restoration was complete. (DE 45, Pretrial Mem. at 2.) Classic Auto Body argues that

McKnight still owes it $32,281.48 for work it has performed on the car. It asserts a counterclaim for breach of contract for that amount. In addition, pursuant to Virginia and Kentucky statutes, it asserts it has a lien on the Firebird and is permitted to keep the car in its possession until McKnight pays the balance owed.

In a previous opinion focusing on the kinds of damages that McKnight may seek, the Court ruled that, assuming McKnight proves his breach of contract claim, he is entitled to the cost of completing the restoration.

Classic Auto Body moves the Court to prohibit both McKnight and his expert, Bruce Hall, from testifying as to the cost to complete the restoration. In response, McKnight states he himself does not intend to testify as to the cost to complete the restoration.

McKnight also states that Hall will not testify as to the cost of completing the restoration of the vehicle. Instead, Hall will testify that the amounts charged by Classic Auto Body and the amounts it claims McKnight still owes are "patently unreasonable in the old-car restoration industry." At a pretrial conference, Classic Auto Body indicated it also objects to this proposed testimony.

Classic Auto Body argues that Hall's testimony is not based on "reliable methodology." It argues that Hall conceded in his deposition that there are no set standards in the industry. Likewise, in his report, Hall states, "There are no set standards in the restorations industry for either quality of work or hours needed to perform the tasks needed to reach the final goal." He states, "There is a large variance based on the quality of the final product and the availability of component parts." With regard to the 1969 Firebird at issue in this case, Hall states, that, generally the parts are readily available and that it would be a "basic restoration."

Thus, Hall appears to opine that the reasonableness of the charges in restoring a classic

car depends upon the particular project. He is qualified to offer this opinion. McKnight states that Hall has reviewed photographs of the car before the restoration, inspected the car, and reviewed Classic Auto Body's invoices and itemized work statements and has concluded that the time Classic Auto Body took for the job was "entirely unreasonable." Classic Auto Body does not appear to dispute that Hall has relevant experience in the car restoration industry, including as the owner and operator of a car restoration company.

Classic Auto Body may certainly test Hall's opinion on cross examination but it has not provided sufficient grounds to exclude the testimony in its entirety.

Accordingly, the Court hereby ORDERS as follows:

1) Classic Auto Body's motion in limine (DE 48) is DENIED as follows:

   a. the motion is DENIED as moot to the extent it seeks to exclude the testimony of McKnight and Bruce Hall regarding the costs of completing the restoration; and

   b. the motion is DENIED to the extent that it seeks to exclude the testimony of Hall regarding the reasonableness of the amounts that Classic Auto Body has charged for the restoration.

Dated November 30, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY